Eric J. Fjelstad, OSB No. 892383
SMITH & FJELSTAD
722 N. Main Avenue
Gresham, Oregon 97030
Tel: (503) 669-2242
Fax: (503) 669-2249
E-mail: smithandfjelstad@verizon.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SEVIRA BROWN,<br><br>    Plaintiff,<br><br> v.<br><br>VIGOR FAB LLC, an Oregon corporation,<br><br>    Defendant. | Civ. No.<br><br>COMPLAINT<br><br>(Federal and State Race Discrimination)<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. This is an action under Title VII of the Civil Rights Act as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, to vindicate the rights of plaintiff and other similarly situated persons to fair treatment and equal opportunities and to make plaintiff whole. Plaintiff was part of a large number of persons of color whom the defendant terminated without cause and for specious reasons.

2. This also is an action under Oregon law, ORS 659A.030 *et seq.*, for unlawful employment discrimination based on race.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act. Venue is proper under 28 U.S.C. §1391 because the claims arose in the District of Oregon and because

PAGE 1 - COMPLAINT

Mr. Brown worked at all material times in the State of Oregon.

4. The court has ancillary jurisdiction over the state law claim under 28 U.S.C. § 1367(a). Both the federal and state law claims arise from a common nucleus of operative facts such that they ordinarily would be expected to be tried in one judicial proceeding.

5. The employment practices that plaintiff alleges were committed in the District of Oregon.

## PARTIES

6. Plaintiff Sevira Brown is a citizen of the United States and the State of Washington.

7. Defendant is an Oregon-based corporation that at all times was authorized to and conducting business in Oregon. Defendant was and is an "employer" as that term is defined under Title VII, and for purposes of the Oregon state law prohibiting employment discrimination due to a worker's race. Defendant continuously has had and does now have more than 300 employees.

## PROCEDURAL REQUIREMENTS

8. Mr. Brown filed a claim with the Oregon Bureau of Labor and Industries in 2016. BOLI supplied Mr. Brown with a right to sue notice dated April 29, 2016. Mr. Brown has filed these claims within 90 days from the date of the right to sue notice. Mr. Brown's BOLI claim encompassed the types of claims now asserted in this lawsuit.

## STATEMENT OF FACTS

9. Mr. Brown began his employment with the defendant in about April 2015. Mr. Brown always performed the duties of his job in a satisfactory, if not exemplary, manner.

10. Mr. Brown is an African American with over 20 years of experience in the welding trade. In the seven or eight months that he worked for the defendant, he saw perhaps 30 other persons of color terminated by the defendant, but no Caucasians terminated despite that the Caucasians comprised the vast bulk of the work force.

PAGE 2 - COMPLAINT

11. Mr. Brown signed a performance evaluation on December 20, 2015 that stated that his productivity was excellent. Nonetheless, on January 10, 2016 the defendant terminated Mr. Brown's employment, allegedly due to poor productivity. Defendant later communicated through the union that it terminated Mr. Brown's employment because he spent too much time on his cell phone. In reality, Mr. Brown did not bring his cell phone to work with him.

### FIRST CLAIM FOR RELIEF

(Race Discrimination - 42 U.S.C. §2000e *et seq*.)

12. Plaintiff incorporates the allegations contained in paragraphs 1 through 11 above.

13. Defendant terminated Mr. Brown's employment because Mr. Brown is African American.

14. Since at least January 2016 and thereafter, defendant's actions constituted unlawful employment practices in violation of Title VII (as amended), including but not limited to terminating Mr. Brown's employment because of his race.

15. The effect of defendant's employment practices as alleged was to deprive Mr. Brown of wages and other economic benefits of his employment in an amount to be determined at trial, but alleged for purposes of this complaint to be not less than $8000.

16. An additional effect of defendant's employment practices was to deny Mr. Brown equal employment opportunities and otherwise adversely affected his status as an employee. Mr. Brown suffered severe emotional harm as a result. Mr. Brown has suffered and continues to suffer such irreparable injury. Mr. Brown is entitled to recover from defendant for his general, noneconomic damages the sum of $100,000.00.

17. Defendant's acts were undertaken intentionally or with reckless disregard for Mr. Brown's employment rights. To deter future such abusive conduct, Mr. Brown seeks $250,000.00 in punitive damages.

18. Defendant's acts were part of a pattern and practice of discrimination against persons

PAGE 3 - COMPLAINT

of color.  The court should enter a permanent injunction prohibiting such conduct in the future.

19. Mr. Brown is entitled to recover his reasonable attorney fees, expert witness expenses and litigation costs pursuant to 42 U.S.C. § 2000e-5(k).

## SECOND CLAIM FOR RELIEF

(State Race Discrimination)

20. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 above.

21. Defendant's actions as set forth above violated Oregon law relating to race discrimination in employment.

22. Mr. Brown is entitled to recover the damages sought in paragraphs 15 and 16 above, as well as the injunction sought in paragraph 18.

23. Defendant's acts were undertaken intentionally or with reckless disregard for Mr. Brown's employment rights. To deter future such abusive conduct, Mr. Brown seeks $250,000.00 in punitive damages.

24. Mr. Brown is entitled to recover his attorney fees and costs pursuant to ORS 659A.885. He is entitled under ORS 20.107 to recover his expert witness fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1. Assume jurisdiction over each of the causes of action set forth above.

2. Grant a permanent injunction enjoining the defendant, its management personnel, employees, agents, successors and assigns, and all persons in active concert or participation with defendant, from engaging in any employment practice that discriminates on the basis of race.

3. Order the defendant to carry out and institute policies, practices and programs providing for equal employment opportunities to persons of color and that affirmatively eradicate the effects of past and present unlawful employment practices.

4. Order the defendant to make the plaintiff whole by compensating him for past and

future pecuniary losses, including out of pocket expenses, lost past earnings and benefits of employment, all in such amounts as are determined at trial.

5. Order the defendant to make the plaintiff whole by providing compensation for nonpecuniary losses, including physical and emotional pain and suffering, mental anguish, humiliation and embarrassment, and loss of enjoyment of life in the amounts alleged in the body of this complaint.

6. Order the defendant to pay the plaintiff punitive damages in the sums noted in the complaint to deter it from engaging in similar conduct in the future.

7. Award the plaintiff his litigation costs and his reasonable attorney fees, costs and expert witness fees pursuant to Title VII and Oregon state law.

8. Order the defendant to pay prejudgment and postjudgment interest on all amounts due to plaintiff as a result of this action.

9. Order such further or alternative relief in favor of the plaintiff as the court deems just, equitable and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated July 26, 2016.

SMITH & FJELSTAD

By:      s/ Eric J. Fjelstad
Eric J. Fjelstad, OSB #892383
Of Attorneys for Plaintiff Sevira Brown

PAGE 5 - COMPLAINT